IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No.: 4:14-CV-00074-F

| | |
|---|---|
| CORNELIUS BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND |
| ) | MEMORANDUM AND |
| KINSTON POLICE DEPARTMENT, ) | RECOMMENDATION |
| BRITTANY JONES, and J. METTS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court regarding Plaintiff's failure to comply with the court's June 24, 2014 order [DE-9]. On May 1, 2014, Plaintiff initiated this action by filing *pro se* an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and proposed complaint. [DE-1]. The undersigned allowed the application and directed the Clerk to file the complaint. [DE-2]. However, the court also ordered Plaintiff to correct certain deficiencies by filing the required (1) disclosure of corporate affiliations (financial disclosure statement), and (2) summons for each defendant. *Id.* On June 3, 2014, Plaintiff filed the requisite financial disclosure statement [DE-6], but also improperly filed a second financial disclosure as to Defendants [DE-7]. Additionally, the summonses prepared by Plaintiff failed to list addresses for the Defendants [DE-8], preventing the United States Marshal's Service from serving the summonses and complaint on Defendants. Therefore, on June 24, 2014, the undersigned ordered Plaintiff to refile a proposed summons for each Defendant, with the Defendant's name and address in the appropriate block provided on the summons form, by no later than July 7, 2014, and further directed the Clerk to strike the improperly filed second financial disclosure as to Defendants and to send Plaintiff a copy of the court's *pro se* complaint package.

[DE-9]. Plaintiff has failed to respond.

A court may dismiss an action *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Plaintiff has failed to respond to the court's June 24, 2014 order to provide completed summonses, and the Marshal's Service as a result has been unable to serve the summonses and complaint in this action. Notwithstanding this failure, the *pro se* Plaintiff shall have until **August 29, 2014**, to correct the noted deficiency. In the event Plaintiff fails to timely file the required summonses for each Defendant, it is RECOMMENDED that this case be DISMISSED for failure to prosecute. In the event Plaintiff timely submits a proposed summons for each Defendant, with the Defendant's name and address in the appropriate block provided on the summons form, the Clerk shall terminate the recommendation for dismissal and issue the summonses whereupon the Marshal's Service shall serve the summonses and a copy of the complaint on Defendants.

The Clerk shall send copies of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected

2

to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, this the 15th day of August 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

3